## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Michael Woods<br>　　　　　　Debtor | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12<br>　　　　　　Movant<br>vs.<br>Michael Woods　　　　Debtor | NO. 18-17712 ELF<br><br>11 U.S.C. Section 362. |
| Kenneth E. West, Esq.<br>　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$29,235.25,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2020 through December 2020 at $1,456.26/month<br>January 2021 through December 2021 at $1,486.62/month<br>January 2022 through June 2022 at $1,491.48/month |
| Suspense Balance: | ($465.59) |
| **Total Post-Petition Arrears** | **$29,235.25** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a) On or before June 30, 2022, the Debtor shall remit a payment in the amount of **$10,000.00** towards the post-petition arrearage.

b) On or before July 31, 2022, the Debtor shall remit the remainder of the post-petition arrearage in the amount of **$19,235.25** that shall cure said arrearage.

c) Debtor(s) shall pay the present regular monthly payment of **$1,491.48 beginning on July 1, 2022,** all payments shall be sent to the address below;

Carrington Mortgage Services, LLC
P.O Box 3730
Anaheim, CA 92806

     d) Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 13, 2022

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 6/30/2022

_____
Kenneth G. Harrison Esq.
Attorney for Debtor(s)

Date: 7/21/2022

/s/ LeRoy W. Etheridge, Esquire for *
Kenneth E. West, Esq.
Chapter 13 Trustee

*no objection to its terms, without prejudice to any of our rights and remedies*

**O R D E R**

Approved by the Court this 22nd day of July, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank